ROSENBLATT et al. v. FRASER TABLET TRITURATE MFG. CO.

(Circuit Court, S. D. New York. January 11, 1901.)

**1. PATENTS—VALIDITY—ANTICIPATION.**
　　The Gundlach patent, No. 526,486, for a medicine or sample case, *held* not anticipated and valid.

**2. SAME—INFRINGEMENT.**
　　The Gundlach patent, No. 526.486, for medicine or sample case, *held* infringed by a structure substantially like that of the patentee, doing the same thing for the same purpose, in a substantially similar manner.

In Equity.

Frank S. Busser, for plaintiff.

Lewis C. Freeman and William Ford Upson, for defendant.

WHEELER, District Judge.　This suit hangs upon the validity and infringement of patent No. 526,486, dated September 25, 1894, and granted to Frank C. Gundlach for a medicine or sample case having a series of leaves for holding vials arranged upon them, mounted upon arms of varying lengths, "pivotally secured upon a common point," so that by turning the leaves the labels will be shown facing the user.　Prior medicine and sample cases, and prior patents for a clothes drier, music-leaf turners, and tilting drawers, have been put in evidence, with the testimony of expert witnesses explaining them in their relation to the patent, and tending, on the part of the defendant, to show that each of the parts of the patented structure is shown in some of them, and that mere mechanical skill would combine them into it, and, on the part of the plaintiff, that more, amounting to invention, would be required.　Johnston's patent, No. 79,474, of June 30. 1868, for a clothes drier, and Roberts', No. 288,861, of November 20, 1883, for a furniture drawer, are nearest, and would, according to the defendant's expert, "require less modification than any of the devices shown in the remaining patents."　The prior structures are nearer in outward appearance, for they are medicine or sample cases, but are not so, nor claimed to be, in mechanical construction.　Clothes driers and tilting drawers are so far away from medicine and sample cases that more than mere mechanical skill seems necessary to arrange their parts with those of such former cases in order to constitute that of the patent, and this issue is found for the plaintiff.　The defendant's structure is substantially like the plaintiff's.　The arms are not "pivotally secured upon a common point" with mathematical precision, and are of the same, and not varying, lengths.　The differences in distances of the leaves from the pivotal point, on account of their thickness, are provided for by having these points further off, instead of by varying the lengths of the arms, and the arms at the pivotal ends fold upon, instead of within, one another, making a slight saving of space at the ends of the case. This is said to be such a reconstruction as to constitute a different thing.　The leaves of the case are, in both, movable on arms at varying distances from the pivotal points, according to the thickness of the leaves, to bring the vials into view.　They do the same thing, for the same purpose, in substantially the same way.　This is a taking

of the invention, according to well-established principles, constituting infringement. The minute saving of space is a mere incident to this, and with it does not appear to amount to a new construction of the case. Decree for plaintiff.