ROSENBLATT et al. v. FRASER TABLET TRITURATE MFG. CO.

(Circuit Court of Appeals, Second Circuit.   December 6, 1901.)

No. 48.

PATENTS—INFRINGEMENT—MEDICINE CASE.

The Gundelach patent, No. 526,486, for a medicine case, discloses patentable novelty, if at all, only in the single feature of so arranging the leaves which hold the vials that their hinges are pivoted on a common pin, and must be limited to such a structure.  As so limited, *held* not infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Lewis C. Freeman and Wm. Ford Upson, for appellant.

Frank S. Busser, for appellees.

Before WALLACE and LACOMBE, Circuit Judges, and TOWNSEND, District Judge.

PER CURIAM.  This is an appeal from a decree adjudging infringement by the defendant of letters patent No. 526,486, granted September 25, 1894, to Frank C. Gundelach.  106 Fed. 733.  The patent in suit is for a medicine case.  Such a case consists essentially of an inclosing box, generally of leather, and having a hinged top and sides, and containing several slides or leaves upon which the medicine vials are secured removably, so arranged that each leaf can be exposed, and the user can select therefrom the particular vial he wants.  The patent describes a medicine case which departs from the common form of the article only in the arrangement of the leaves.  These leaves are spaced the required distance apart to give room to the vials reposing in the pockets on the front of each leaf, and are mounted on hinges "of varying and graduated lengths."  In the words of the description, "the hinges are graduated in length so as to enable the back of a leaf to fold over against the face of the preceding one."  The hinges are straps secured at one end to the lower part of the several leaves, and pivoted at the opposite end upon a common axis, which consist of a pin projecting from the side of the inclosing box.  The claims of the patent each require the leaves to be "pivotally secured upon a common point," and this is an essential feature of the invention claimed. The prior patent of 1867 to Haynes & Worthington, No. 68,073, shows a medicine case having a series of hinged leaves, with pockets or loops on their faces for carrying the vials.  The leaves slide up and down in the grooves in the side of the case, and are hinged at their mid-height so as to constitute a pair of leaves.  By means of a tag projecting from the top, each leaf can be drawn up and rested upon the other leaves so as to expose the vials and enable the user to select the one wanted, or the upper half of the leaf can be drawn up and folded back so as to expose only the vials of that half.  This patent alone would preclude a construction of the patent in suit, permitting it to extend to any arrangement of hinged leaves in a medicine case.  It may be that the medicine case of the

patent is a more convenient one than that of the Haynes & Worthington patent, or than those commonly in previous use, but it is very doubtful whether anything beyond ordinary mechanical skill was involved in devising its particular details of construction. It would seem to be an obvious thing, if it was desired to arrange the leaves so they would fold over and expose their faces, to employ hinges for that purpose, and, in order that each leaf should fold on or against the face of the preceding one, to equip it with a longer hinge connection. Some further ingenuity was doubtless required to so arrange the leaves that the hinges would be pivoted on a common pin, and yet do their required work. If this involved invention, it is all there is to support patentable novelty. The narrow scope of the invention requires the claims to be limited to a correspondingly narrow scope, and accordingly they must be restricted to the letter of their terms. The description contemplates that the hinges are to be pivoted upon the pin shown in the drawings, otherwise mentioned as the "common point." Construed as the patent must be to save its validity, infringement is not shown by the structure of the defendant. In the defendant's medicine case the leaves are not pivoted upon a common point, but each is hinged upon its independent bearing. Although they fold back, so as to accomplish the general object of the patented invention, and enable the vials arranged on either leaf to be exposed to view, "all facing the user of the same, by swinging or turning the preceding leaf of said case without turning the case several times in order to expose to view," the result is not effected by the same mechanical means. If each leaf was hinged directly to the bottom of the case, the arrangement would clearly not be the arrangement of the patent, yet the leaves would accomplish the object intended by the patent. The defendant's arrangement is as nearly an equivalent of such an arrangement as it is of that of the patent. We conclude that the claims are not infringed.

The decree is reversed, with costs, and with instructions to the court below to dismiss the bill.